## GOLDBERG AND WEINBERGER LLP
Attorneys at Law

**630 Third Avenue, 18th Floor**
**New York, New York 10017**

**Lewis Goldberg (N.Y., CT. & N.J.)**          _____          **OTHER OFFICE:**
**Stuart Weinberger (N.Y. & N.J.)**                                                   **REDDING, CT.**

**TEL: (212) 867-9595**
**FAX: (212) 949-1857**

April 14, 2021

*Via ECF*
Hon. Judge Katherine Polk Failla
U.S. District Judge
Southern District of New York
40 Foley Square
New York, NY 10007



Re:   *Edwin Figueroa-Torres, et al v. David Kleiner., et al*
      *Index No.: 20-CV-4851 (KPF)*

Dear Hon. Judge Polk Failla:

This office represents the Defendants in this action, and I write in response to the letter submitted by Plaintiffs' counsel on April 10, 2021. Defendants respond as set forth below:

1.   In their letter dated April 10, Plaintiffs' counsel alleges that Defendants engaged in an "unlawful scheme to divest the court of jurisdiction through trickery and coercion." Defendants categorically deny these allegations, and reject that such claims have any merit whatsoever. Indeed, there are <u>serious doubts</u> as to the accuracy and validity of at least some of the written statements submitted by Plaintiffs. Nevertheless, it is our understanding that on April 5, 2021, Amalgamated Local 298, ESJB, IUANPW, AFL-CIO ("the Union") notified the National Labor Relations Board ("NLRB") that it was disclaiming interest in the following three buildings: (1) 2176-2180 Tiebout Avenue; (2) 1665 Monroe Avenue; and (3) 2335 Valentine Avenue. In light of the foregoing, Defendants withdraw the motion to compel arbitration that was filed on January 29, 2021 (docket # 60-62.)[1]

2.   Plaintiffs' counsel requests that Defendants "stipulate" that they would be liable for liquidated damages and attorney's fees relating to the purported unlawful deduction of wages which stem from the deduction of union dues. Defendants will not stipulate to that for a number of reasons. First, it is Defendants understanding that all such amounts deducted have already been (or will be) remitted to each employee by the Union. Second,

---

[1] On April 9, 2021, I emailed Your Honor's clerk and notified her that Defendants would likely be withdrawing the motion. However, I was away at the time, and needed time to confer with my clients before formally confirming the withdrawal to the court.

1

NYLL § 193 (1) explicitly states that an employer may deduct union dues from an employee's wages. Notwithstanding the allegation of "trickery and coercion," it is undisputed that Plaintiffs did, indeed, sign cards authorizing the deduction of union dues from their wages. In fact, when dues were accidentally deducted from one of the Plaintiffs who did not sign a dues deduction card, the money was returned to the Plaintiff.

3. Plaintiffs' counsel outlined their intention to file an Amended Complaint so as to add a claim for retaliation under NYLL § 215 and FLSA § 215. Defendants believe that any such claim would be baseless, as there is no cause of action for such a claim under these statutes. As indicated below, a union and an employer can negotiate to have all matters submitted to arbitration, including where litigation is pending.

4. Plaintiffs' counsel requests that Defendants stipulate "to pay attorney's fees for all time incurred in resisting their scheme to divest of its jurisdiction," and imply that "additional sanctions" may be warranted. Defendants' formal response is that Plaintiffs' position is baseless. First, Defendants have not and will not acknowledge any wrongdoing with respect to these unfounded allegations. Likewise, neither the NLRB nor any other factfinder has determined that Plaintiffs' allegations of "coercion" have merit.

   Second, Plaintiffs' claim that Defendants were somehow acting nefariously in an effort to "divest the court of jurisdiction" is befuddling. It was Defendants who notified the court of the language contained in the collective bargaining agreement ("CBAs"). If Defendants had acted improperly, it would belie common sense to affirmatively disclose such wrongdoing to the court. The Union disclaimed interest in these buildings. Contrary to Plaintiffs' contentions, the Union's disclaimer of interest is not proof of wrongdoing.

   Third, Plaintiffs' position appears to be that any collective bargaining agreement containing *Pyett* language must be evidence of bad behavior or malicious intent by the parties who entered into such an agreement. As outlined in Defendants' motion to compel, courts have ***repeatedly*** upheld such language as valid and legitimate, including: (1) holding that the language applies retroactively; and (2) holding such language to constitute a valid waiver even where, as here, there were active litigations involving precisely the claims that were asserted in this case. *See Mannapova v. P.S.C. Community Services, Inc.,* 18-CV-4146 (FB) (PK), 2020 WL 44521025 (E.D.N.Y. Aug. 3, 2020); *Lai Chan v. Chinese-Am. Planning Council Home Attendant Program, Inc.,* 180 F.Supp.3d 236 (S.D.N.Y. 2016); *Rodriguez v. New York Foundation for Senior Citizens Home Attendant Services, Inc.,* 15-CV-9817 (VEC), 2016 WL 11707094, at *4 (S.D.N.Y. July 14, 2016). Indeed, the language contained in the CBAs at issue in this case is virtually identical to the language in the foregoing cases. Moreover, the court can take judicial notice of the numerous building service industry cases involving collective bargaining agreements containing *Pyett* language.

   Finally, if Plaintiffs eventually prevail with respect to the underlying merits in this action, Plaintiffs' counsel will, of course, have an opportunity to file an application with the court for attorney's fees. Plaintiffs' counsel's entitlement to such fees will be entirely within the

court's discretion. At present date, Defendants do not stipulate that Plaintiffs' counsel is entitled to any fees.

5. Plaintiffs' counsel requests that Defendants stipulate, or that the Court issue a determination that the CBAs are void *ab initio*. Defendants will not stipulate to that. The Union has disclaimed interest in the buildings and is apparently remitting dues to the individuals who had previously signed dues/checkoff cards and had dues deducted. Defendants are withdrawing the motion to compel arbitration.[2] Once the Union disclaimed interest, there is no CBA compelling arbitration. That should be the end of the analysis regarding the issue. There are no CBAs now. The case cited by Plaintiffs to support their argument that the contract be declared void is clearly distinguishable. In *Operating Engineers Pension Trust v. Gilliam,* 737 F.2d 1501 (9th Cir. 1984), the issue was whether an employer was required to pay benefit contributions pursuant to Section 301 of the Labor Relations Management Act ("LRMA") and ERISA after the employer signed a document that he later learned was a collective bargaining agreement. The employer argued that there was no valid contract because he did not know what he was signing. In contrast, in this case, neither of the parties which signed the CBAs at issue (the employer or the Union) are claiming that the contracts were invalid. Further, even if this issue were not moot because there are no existing contracts, this court lacks jurisdiction to make such a determination.

6. Plaintiffs' counsel requests that Defendants' counsel be "subject to disqualification based on their role in Defendants' scheme to divest this court of jurisdiction." It is beyond comprehension how Plaintiffs can, in good faith, assert that the filing of a motion to compel arbitration would constitute grounds for disqualification. There is not a scintilla of evidence, including any statement or affidavit submitted by any of the named Plaintiffs, that Defendants' attorneys have engaged in any disqualifying conduct. Does Plaintiffs' counsel seriously believe that the Defendants' attorneys coerced employees, or actively encouraged its clients to coerce employees to sign union authorization cards without their consent? Such an allegation, or implication, is completely and undeniably false. Defendants' attorneys are obligated to raise issues and defend their clients within the ethical guidelines. Does Plaintiffs' counsel take the position that all attorneys who file motions to compel arbitration where there is *Pyett* language should be subject to disqualification?

Moreover, any claim based on the purported effort by the Union to unionize these buildings is moot. The Union has disclaimed interest in the buildings and the Defendants' motion to compel arbitration has been withdrawn. Plaintiffs' counsel's letter, filed this past Saturday night, is nothing more than an attempt by Plaintiffs to cost Defendants more in fees, make Defendants less inclined to defend this case, and paint Defendants in a bad light.

---

[2] Plaintiffs' counsel states that Defendants "defaulted" with respect to the motion. A party does not have to file a reply to a motion. It is not mandatory. Defendants did not "default" with respect to anything. Defendants' Reply papers were due on April 6, which was the day after the Union disclaimed interest in the buildings. It would have been unethical to submit Reply papers supporting an argument compelling arbitration after learning of the Union's disclaimer.

Defendants believe that a conference is not needed to discuss these matters, but will be available should the court determine that a conference is necessary.

We thank the honorable court for its time and consideration.

Very truly yours,

_____/S/_____
Stuart Weinberger

CC: VIA ECF
Counsel for all parties

```
The Court is in receipt of Plaintiffs' letter motion dated April
10, 2021, requesting a pretrial conference (Dkt. #73), and
Defendants' above response (Dkt. #74).  In light of Defendants'
withdrawal of their motion to compel arbitration, the Court has
determined that a conference is necessary to discuss next steps
in this matter.  Accordingly, Plaintiffs' request for a
conference is GRANTED.  The conference will be held remotely on
May 28, 2021, at 10:00 a.m.  Access instructions will be
provided in advance of the conference.

The Clerk of Court is directed to terminate Defendants' motion
to compel arbitration (Dkt. #60), as well as Plaintiffs' letter
motion for a conference (Dkt. #74).
```

Dated:  April 20, 2021
        New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE