UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
EDWIN FIGUEROA-TORRES,
NICOLAS PETERSON,                                    20-CV-4851 (KPF)
RUBEN FIGUEROA TORRES,
ALEX CANDELARIO,
GERMAN PENA and
LUIS MACIAS,

      *Plaintiffs*,

  -against-

DAVID KLEINER
a/k/a DAVID GREEN
a/k/a DOVID KLEINER
a/k/a DAVID DAVID
a/k/a DAVID KLEIN,
STAFFPRO, INC.,
EMPAY INC.,
TIEBOUT DK HOLDINGS LLC,
TIEBOUT II ASSOCIATES LLC,
TIEBOUT ASSOCIATES LLC,
1665 MONROE REALTY, LLC,
1665 MONROE ASSOCIATES, LLC,
EAST 234 REALTY LLC,
DYK REALTY HOLDINGS LLC,
PALM TREE CONSTRUCTION CORP.,
705 GERARD LLC,
282 GUN HILL LLC,
1090 REALTY LLC,
124 E 176th STREET ASSOC LLC,
2155 GRAND AVE HOLDINGS LLC,
2084 GRAND AVE HOLDINGS LLC,
691 LLC,
2505 BEDFORD 2015 LLC,
GLEASON BRONX REALTY LLC,
2060 ASSOC LLC,
EAST 168 REALTY LLC,
1215 REALTY LLC,
2335 VALENTINE LLC,
66 GRAHAM LLC,
1855 REALTY LLC,
3905 ASSOC LLC,
1210 CROES LLC,

1125 SHERIDAN LLC,
247 AUDUBON REALTY LLC,
E 196 LLC,
IGNATIE FRIED a/k/a MEIR FRIED,
MOSHE LIEB and
YISRAEL FELDMAN,

        *Defendants*.
---------------------------------------------------------X

## CONFIDENTIALITY STIPULATION

The undersigned parties agree as follows:

  1. Scope:  Materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits (hereinafter collectively "documents") shall be subject to this Confidentiality Stipulation concerning Confidential Information as defined below.

  2. Confidential Information:  As used herein, "Confidential Information" means the information designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) dates of birth, social security numbers, and medical records; and (c) other information that is customarily classified as confidential in civil litigation.

  3. Designation: The producing party may designate a document as Confidential by placing or affixing the word "CONFIDENTIAL" on the document and copies thereof in a manner that will not interfere with the legibility of the document. The marking "CONFIDENTIAL" shall be applied prior to or at the time of the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the

purposes of this Confidentiality Stipulation. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked.

    4.    Depositions: Deposition testimony is protected by this Confidentiality Stipulation only if designated as "CONFIDENTIAL" within 14 days of receiving the transcript of the deposition. Such designation shall be specific as to the portions that contain Confidential Information.

    5.    Protection of Confidential Material:

    (a)    General Protections. Absent judicial approval, Confidential Information shall not be used by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose other than litigation between the parties.

    (b)    Limited Third-Party Disclosures of Confidential Information. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to a third person or entity except as set forth in subparagraphs (1)-(8). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    (1)    Counsel. Counsel for the parties and employees and staff members of counsel;

    (2)    Parties to this action;

    (3)    The Court and its personnel;

    (4)    Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

    (5)    Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but

only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(6)     Witnesses at depositions.  During their depositions, witnesses in this action to whom disclosure is considered by either party's counsel to be appropriate in light of the nature of the litigation and the parties' respective claims and defenses. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may, if specifically requested, receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

(7)     Author or recipient.  The author or recipient of the document (not including person who received the document in the course of litigation):  and

(8)     Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

6.     Inadvertent Failure to Designate.  An inadvertent failure to designate a document or deposition transcript as Confidential does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after initially producing it, the receiving party, on notification of the designation, must make a reasonable effort to: (a) assure that the document is treated in accordance with the provisions of this Confidentiality Stipulation; and (b) retrieve such document from persons no longer entitled to disclosure (if any).

7.     Filing of Confidential Information.  This Confidentiality Stipulation does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the applicable rules.

8.     Challenges by a Party to Designation as Confidential.  The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)    Conferring in Good Faith. If a receiving party disagrees with a confidentiality designation and wishes to challenge that designation, the receiving party may write a letter to the designating party challenging the subject confidentiality designation, whereupon counsel for the respective parties shall have a duty to discuss the issue and attempt to resolve it without court intervention.  Judicial Intervention. If the receiving party's challenge is not resolved, then the designating party shall, within 14 days of the date of the receiving party's challenge, move for an order permitting such information to remain confidential.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Confidentiality Stipulation.

9.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a)    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must promptly notify counsel for the designating party in writing.  Such notification must include a copy of the subpoena or court order.

(b)    The purpose of imposing this duty is to alert the interested persons to the existence of this Confidentiality Stipulation and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or

5

order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing herein should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

10. Inadvertent or unintentional production. If materials protected from disclosure by the attorney-client privilege, work product or any other privilege are inadvertently disclosed or unintentionally produced, such disclosure shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or any other privilege to which the producing party or person would otherwise be entitled. If a claim of inadvertent disclosure or unintentional production is made pursuant to this paragraph by the disclosing party with respect to such material then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent and/or unintentional production has been made. The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent disclosure or unintentional production.

11. Obligations upon Conclusion of Litigation.

(a) Unless otherwise agreed or ordered, this Confidentiality Stipulation shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Within 60 days after dismissal or entry of final judgment not subject to further appeal, documents marked "CONFIDENTIAL" under this Confidentiality Stipulation shall be collected by the parties' counsel upon receiving an email or other notice from opposing counsel reminding him or her to collect and destroy such information. Counsel shall then destroy all of the documents marked "CONFIDENTIAL" in Counsel's possession with written notice of said

destruction provided to opposing counsel.  Any retained Confidential Information shall continue to be protected under this Confidentiality Stipulation.

      12.     Confidentiality Stipulation Subject to Modification.  This Confidentiality Stipulation shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

      14.     Persons Bound.  This Confidentiality Stipulation shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Confidentiality Stipulation by its terms.

Dated:  February 23, 2022

Law Offices of Scott A. Lucas
200 Park Ave.
Suite 1700
New York, NY 10166
(direct) (646) 342-1139
(office) (646) 632-3737

By: */S/ Scott A. Lucas*
    Scott A. Lucas
    Attorneys for Plaintiffs

Tilton Beldner LLP
626 RXR Plaza
Uniondale, New York 11556
(516) 262-3602

By:  */S/ Joshua Beldner*
    Joshua Beldner
    Attorneys for Defendants

Goldberg and Weinberger LLP
630 Third Avenue, 18th Floor
New York, NY 10017
(212) 867-9595 (ext 313)
Attorneys for Defendants

By: */S/ Stuart Weinberger*
    Stuart Weinberger

This confidentiality agreement does not bind the Court or any of its personnel.  The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

Dated:  February 24, 2022
        New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE